THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LOUISIANA CARPENTERS HEALTH BENEFIT FUND; LOUISIANA CARPENTERS PENSION FUND; LOUISIANA CARPENTERS SUPPLEMENTAL RETIREMENT FUND | * * * * * | CIVIL ACTION NO. |
| versus | * * | JUDGE |
| WOODROW WILSON CONSTRUCTION, L.L.C.; MARK A. WILSON; JIM A. WILSON; W. KURT WILSON; M. A. WILSON CONSTRUCTION AND CONSULTING, LLC | * * * * * | MAG. JUDGE |

*******************************************

## COMPLAINT

This is an action brought pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). This action is brought against Defendants to compel a payroll audit and to collect delinquent contributions.

### I.    PARTIES

1.

The Louisiana Carpenters Health Benefit Fund ("Health Benefit Fund") is an "employee welfare benefit plan" as defined in Section 3(1) of ERISA, as amended, 29 U.S.C. § 1002(1), established by carpenters unions and employers in an industry affecting commerce, whose employees are represented by those labor organizations, for the purpose of providing medical and health benefits to the employees. It is a jointly administered Taft-Hartley trust fund established by collective bargaining agreements pursuant to Section 301(c)(6) of the LMRA, 29 U.S.C. § 185(c)(6). The Health Benefit Fund is authorized to sue in its own name under Section 502(d)(1)

1

of ERISA, 29 U.S.C. § 1132(d)(1).  The Health Benefit Fund is administered in Baton Rouge, Louisiana and is located at 8875 Greenwell Springs Road, Baton Rouge, Louisiana  70814.

2.

The Louisiana Carpenters Pension Fund ("Pension Fund") is an "employee pension benefit plan" as defined in Section 3(2)(A)(i) of ERISA, as amended, 29 U.S.C. § 1002(2)(A)(i), established by carpenters unions and employers in an industry affecting commerce, whose employees are represented by those labor organizations, for the purpose of providing retirement income to their employees.  It is a jointly administered Taft-Hartley trust fund established by collective bargaining agreements pursuant to Section 301(c)(6) of the LMRA.  The Pension Fund is authorized to sue in its own name under Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1).  The Pension Fund is administered in Baton Rouge, Louisiana and is located at 8875 Greenwell Springs Road, Baton Rouge, Louisiana  70814.

3.

The Louisiana Carpenters Supplemental Retirement Fund ("Supplemental Retirement Fund") is an "employee benefit plan" as defined in Section 3(2)(A) of ERISA, as amended, 29 U.S.C. § 1002(2)(A), established by the carpenters unions and employers in an industry affecting commerce, whose employees are represented by these unions, for the purposes of providing supplemental retirement benefits for the employees.  The Supplemental Retirement Fund is authorized to sue in its own name by Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1).  The Supplemental Retirement Fund is administered in Baton Rouge, Louisiana and is located at 8875 Greenwell Springs Road, Baton Rouge, Louisiana 70814.

4.

Defendant, Woodrow Wilson Construction, L.L.C. ("Woodrow Wilson") is a Louisiana business corporation. At all material times, it has been an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. §§ 152(2) and 1002(5). At all material times, it has been engaged as a contractor or sub-contractor in the construction industry and, as such, has been and continues to be an employer in an "industry affecting commerce" as defined in Section 3(12) of ERISA, as amended, 29 U.S.C. § 1002(12). It is domiciled at 345 Highlandia Drive, Baton Rouge, Louisiana 70810 and does business in the state of Louisiana. Woodrow Wilson may be served by delivering a copy of the summons to its registered agent for service of process, W. Kurt Wilson at 345 Highlandia Drive, Baton Rouge, Louisiana 70810.

5.

Defendant, Mark A. Wilson, a domiciliary of East Baton Rouge Parish, is a principal, and to the best knowledge of the Plaintiffs, president of Woodrow Wilson. Mark Wilson has exercised control over the contributions due each Plaintiff which are plan assets of each Plaintiff. He may be served at his address 19052 W. Pinnacle Cir., Baton Rouge, Louisiana 70810.

6.

Defendant, Jim A. Wilson, a domiciliary of East Baton Rouge Parish, is a principal and, to the best knowledge of the Plaintiffs, vice-president and secretary/treasurer of Woodrow Wilson. Jim Wilson has exercised control over the contributions due each Plaintiff, which are plan assets of each Plaintiff. He may be served at his address 522 Woodstone Avenue, Baton Rouge, Louisiana 70808.

7.

W. Kurt Wilson, a domiciliary of East Baton Rouge Parish, and is a principal and, to the best knowledge and belief of the Plaintiffs, vice-president of Woodrow Wilson.  W. Kurt Wilson has exercised control over the contributions due each Plaintiff, which are plan assets of each Plaintiff.  He may be served at his address 7755 S. Tigerbend Road, Baton Rouge, Louisiana 70817.

8.

Defendant, M. A. Wilson Construction and Consulting ("M. A. Wilson") is a Louisiana Limited Liability Company.  It has, at all materials times, been an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. §§ 152(2) and 1002(5).  It has, at all material times, been engaged as a contractor or sub-contractor in the construction industry.  It is domiciled at 19052 West Pinnacle Circle, Baton Rouge, Louisiana 70810.  M. A. Wilson may be served by delivering a copy of the summons to its registered agent for service of process, Mark A. Wilson at 19052 West Pinnacle Circle, Baton Rouge, Louisiana 70810.

## II.   JURISDICTION AND VENUE

9.

This is an action to enforce the terms of plan documents governed by ERISA and to enforce a collective bargaining agreement.  Subject matter jurisdiction over this complaint is conferred on this Court by 28 U.S.C. §§ 1331 and 1367; Sections 502(e) and 515 of ERISA, as amended, 29 U.S.C. §§ 1132(e) and 1145; and by Section 301(c) of the LMRA, as amended, 29 U.S.C. § 185(c).

10.

This Court has personal jurisdiction over the Defendants under Section 502(e)(2) of ERISA, as amended, 29 U.S.C. § 1132(e)(2) and Section 301 of the LMRA, 29 U.S.C. § 185(c).

Defendants have conducted and continue to conduct business in the Middle District of Louisiana, specifically providing carpentry services to facilities located within this district.

11.

Venue is proper in the Middle District of Louisiana, where the plans are administered and where the breach occurred, under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and Section 301 of the LMRA, 29 U.S.C. § 185(a).

12.

Woodrow Wilson is signatory to a collective bargaining agreement ("the CBA" or the "Agreement") with the Carpenters Regional Council, which binds Woodrow Wilson to pay monthly contributions to the Pension Fund, Welfare Fund, and Supplemental Retirement Fund (hereinafter "the Funds") on behalf of employees represented in collective bargaining by the carpenter's union. The agreement further requires contributing employers to file monthly remittance reports, and the employers calculate the payments they owe in contributions which are paid to each of these Funds from the reports.

13.

Under the Agreement, Woodrow Wilson is obligated to remit the following fringe benefits on behalf of employees engaged in covered employment and represented in collective bargaining by the carpenters:

    a.    $4.28 per working hour to the Pension Fund;

    b.    $3.65 per working hour to the Health and Welfare Fund;

    c.    $ .10 per hour to the Supplemental Retirement Fund.

14.

Further, as a signatory employer, Woodrow Wilson agrees to be bound by the Trust Agreements and rules and regulations of the Plaintiff Funds.

15.

The CBA and Trust Agreements require Woodrow Wilson to file monthly remittance reports itemizing hours worked by employees in the bargaining unit and covered by the CBA.

16.

Furthermore, the Funds delinquency procedures authorize the Funds to engage in periodic audits of its signatory contractors in order to insure compliance with the terms of the CBA, trust documents, and the Funds' payroll audit procedures. Pursuant to the terms of the Agreement and trust documents, the Funds sought to perform a payroll compliance audit for Woodrow Wilson to cover the period from January 2014 to the present.

17.

Despite the multiple demands seeking compliance made by both the Funds' auditor and counsel, Woodrow Wilson has failed to cooperate to provide adequate payroll records for the Funds' auditor to determine whether any amounts are properly due to the Funds.

18.

The Funds seek a payroll audit covering the period from January 2014 to the present.

19.

Furthermore, should the audit determine that there are delinquent contributions owed to the Funds, the Funds are entitled to collect delinquent contributions owed from January 2014 to the present. Furthermore, the Funds are entitled to interest on all delinquent contributions at the rate of 2% per delinquent month.

20.

In accordance with ERISA, the Plaintiff Funds are also entitled to liquidated damages of 20% on contributions.

21.

The Funds are also entitled to recover all costs including those incurred in exacting compliance under the CBA, Plan documents and trust agreements, which include the actual cost of any payroll audit, attorneys' fees, and costs of this litigation.

22.

Woodrow Wilson is liable for all unpaid contributions, accruing contributions, liquidated damages, interest, and costs in accordance with Sections 502 and 515 of ERISA, as amended, 29 U.S.C. §§ 1132 and 1145 and Section 301 of the LMRA, 29 U.S.C. § 185.

23.

Furthermore, Mark A. Wilson, as president of Woodrow Wilson, is liable for unpaid contributions owed from January 2014 to the present, liquidated damages, interest, attorney's fees and costs, in accordance with Sections 502 and 515 of ERISA, as amended, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185 and the terms of the Funds' plans.

24.

Furthermore, Jim A. Wilson, as vice-president and secretary/treasurer of Woodrow Wilson, is liable for unpaid contributions owed from January 2014 to the present, liquidated damages, interest, attorney's fees and costs, in accordance with Sections 502 and 515 of ERISA, as amended, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185 and the terms of the Funds' plans.

25.

Furthermore, W. Kurt Wilson, as vice-president of Woodrow Wilson, is liable for unpaid contributions owed from January 2014 to the present, liquidated damages, interest, attorney's fees and costs, in accordance with Sections 502 and 515 of ERISA, as amended, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185 and the terms of the Funds' plans.

26.

A copy of this Complaint is being served upon the Secretary of Labor and Secretary of Treasury by certified mail as required by 29 U.S.C. § 1132(h).

**WHEREFORE**, the Plaintiff Funds pray that this Court deem the complaint sufficient, and after trial on the merits, find for the Plaintiff Funds, granting the following relief:

(a) declaratory judgment ordering Woodrow Wilson to submit to a payroll audit and to provide all relevant documents and records at Woodrow Wilson's cost covering the period from January 2014 to the present;

(b) judgment ordering payment of all unpaid contributions and accruing contributions owed to the Pension Fund, Health and Welfare Fund, and Supplemental Retirement Fund;

(c) judgment ordering payment of interest on all unpaid contributions; payment of liquidated damages in accordance with ERISA, the Agreement, and the Funds' procedures;

(d) judgment ordering reasonable attorney's fees and costs of litigation, including all costs of the payroll audit; and

(e) any and all legal or equitable relief that this Court deems appropriate.

## COUNT II
### (BREACH OF FIDUCIARY DUTY)

27.

Plaintiffs hereby incorporate the allegations set forth in paragraphs 1 through 24 of this Complaint as if fully set forth and repeated in Count II.

28.

The Funds contractual right to collect unpaid monthly employer contributions is an asset of the Funds.

29.

Defendant, Mark A. Wilson, as president and owner of Woodrow Wilson, has exercised authority and control over the Funds' assets, specifically unpaid monthly employer contributions to the Funds. Mark Wilson is liable individually and as a fiduciary of the Funds pursuant to Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

30.

Defendant, Jim A. Wilson, as vice-president and secretary/treasurer of Woodrow Wilson, has exercised authority and control over the Funds' assets, specifically unpaid monthly employer contributions to the Funds. Mark Wilson is liable individually and as a fiduciary of the Funds pursuant to Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

31.

Defendant W. Kurt Wilson, as vice-president of Woodrow Wilson, has exercised authority and control over the Funds' assets, specifically unpaid monthly employer contributions to the Funds. Mark Wilson is liable individually and as a fiduciary of the Funds pursuant to Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

**WHEREFORE**, Plaintiffs pray for judgment as follows:

(a) that the Court declare Woodrow Wilson, Mark A. Wilson, Jim A. Wilson, and W. Kurt Wilson liable to the Funds for all unpaid fringe benefit contributions, plus interest, and liquidated damages due and owing to each Fund for hours worked by covered employees covered by Woodrow Wilson throughout the term of the CBAs;

(b) for an accounting by payroll audit of Woodrow Wilson's books and records, at Defendants' expense to verify the amount of Fund paid fringe benefit contributions due to each Fund;

(c) that the Plaintiffs be awarded reasonable attorney's fees and costs as provided in Section 502(g)(2) of ERISA, as amended, 29 U.S.C. § 1132(g)(2);

(d) that this Court grant the Plaintiffs such further relief as is just and appropriate.

## COUNT III
### (ALTER EGO AND SUCCESSOR)

32.

Plaintiffs hereby incorporate the allegations as set forth in paragraphs 1 through 31 of this Complaint as if fully set forth and repeated in Count III.

33.

At all material times, defendant Mark A. Wilson served as President and as owner of Woodrow Wilson with vested authority to affirm and consent to the decisions of Woodrow Wilson including entering into Collective Bargaining Agreements.

34.

The most recent Annual Report of the Defendant Woodrow Wilson on file with the Secretary of State's office identifies Mark A. Wilson as a member of Woodrow Wilson and as President.

35.

On August 19, 2015, defendant Mark A. Wilson became owner of M. A. Wilson and registered it as a limited liability company with the state of Louisiana.

36.

Mark A. Wilson continues to serve as the principal owner and agent of M. A. Wilson.

37.

M. A. Wilson's business purpose is and has been the same as that of Defendant Woodrow Wilson: the performance of general construction work in commercial and residential settings in the Louisiana area.

38.

Defendant M. A. Wilson has continued to perform the same work as Woodrow Wilson and is operated by the former owner and President of Woodrow Wilson.

39.

Defendant M. A. Wilson's management is substantially identical to the management of Woodrow Wilson, it uses substantially identical equipment as Woodrow Wilson, and performs work for the same class of customers as Woodrow Wilson.

40.

Defendant M. A. Wilson is an alter ego and a successor under *Golden State Bottling Company, Inc. v. NLRB*, 94 S.Ct. 414 (1973).

41.

Defendant Mark Wilson is liable by acting with an intent to evade the contractual and legal obligations to the Funds by executing the CBA as President of Woodrow Wilson and thereafter "closing" Defendant Woodrow Wilson while continuing to operate as Defendant M. A. Wilson and abusing corporate formalities in an attempt to evade their contractual obligation to Plaintiffs.

42.

Defendant M. A. Wilson, as the alter ego and successor to Defendant Woodrow Wilson, is bound to the terms of the Collective Bargaining Agreement between the Central South Carpenters Regional Council and Woodrow Wilson including the obligation to comply with the requirement to make payments to the defendant's Health Benefit Fund, Pension Fund, and Supplemental Retirement Fund.

**WHEREFORE**, Plaintiffs pray as follows:

(a)  that the Court issue an order finding Defendant M. A. Wilson is the alter ego and successor to Defendant Woodrow Wilson and the Collective Bargaining Agreement;

(b)  that the Court issue an order finding that the Defendant M. A. Wilson is jointly and severely liable for all amounts owed to the Benefit Funds in accordance with ERISA;

(c)  that the Court award Plaintiff attorney's fees and costs and all other relief as is just and appropriate.

Respectfully submitted,

**ROBEIN, URANN, SPENCER,
 PICARD & CANGEMI, APLC**

*s/Julie Richard-Spencer*
**Julie Richard-Spencer (LA Bar No. 20340)**
**Louis L. Robein (LA Bar No. 11307)**
**Paula Bruner (LA Bar No. 30417)**
2540 Severn Avenue, Suite 400
Metairie, LA  70002
Telephone:  (504) 885-9994
Facsimile:   (504) 885-9969
Email: jrichard@ruspclaw.com
            lrobein@ruspclaw.com
            pbruner@ruspclaw.com

**PLEASE SERVE:**

Woodrow Wilson Construction, LLC
Through its Registered Agent for Service of Process
W. Kurt Wilson
345 Highlandia Drive
Baton Rouge, LA  70810

Mark A. Wilson
19052 West Pinnacle Circle
Baton Rouge, LA  70810

Jim A. Wilson
522 Woodstone Avenue
Baton Rouge, LA  70808

W. Kurt Wilson
7755 S. Tigerbend Road
Baton Rouge, LA  70817

M. A. Wilson Construction and Consulting, LLC
Through its Registered Agent for Service of Process
Mark A. Wilson
19052 West Pinnacle Circle
Baton Rouge, LA  70810